IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LIEBB,<br><br>    Plaintiff,<br><br>  v.<br><br>C. DALY, BPT COMMISSIONER,<br><br>    Defendant.               / | No. C 04-00950 CW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br>(Docket # 25) |

    Plaintiff Stephen Liebb, an inmate incarcerated at San Quentin State Prison (SQSP) for the crime of first degree murder, brings this civil rights complaint under 42 U.S.C. § 1983 seeking injunctive and declaratory relief for violation of his due process rights at his July 17, 2003 hearing before the Board of Prison Terms (Board).[1]  Defendant moves for judgment on the pleadings on the ground that Plaintiff's due process claim is barred by the doctrine of res judicata.  Plaintiff filed pro se a partial opposition (docket # 28) and a partial response to Defendant's reply (docket # 31) and, represented by counsel, Plaintiff filed another opposition to Defendants' motion (docket # 36).  Defendant filed a reply (docket # 30) and a sur-reply (docket # 42).  The matter was taken under submission.  Having considered the papers filed by the parties, the Court DENIES the motion for judgment on the pleadings.

---

    [1]The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings.  Cal. Penal Code § 5075(a).

BACKGROUND

Plaintiff filed this action on March 9, 2004, alleging that the Board violated his due process rights at his July 17, 2003 parole hearing. Plaintiff claims that the Board acted in an arbitrary and capricious manner in that it characterizes virtually every murder as heinous and cruel in order to justify a finding of parole unsuitability.[2] On October 5, 2004, Plaintiff filed a habeas petition alleging that the Board violated his due process rights at his July 17, 2003 hearing by finding, inter alia, that his commitment offense was carried out in an especially cruel manner, which the Board finds "in virtually every instance in which it denies parole suitability." Habeas Petition at 16. On November 10, 2004, citing Heck v. Humphrey, 512 U.S. 477, 481 (1994), the Court dismissed this § 1983 action without prejudice so that Plaintiff could pursue his claim through his habeas petition.

On February 16, 2006, the Court granted Plaintiff leave to file an amended complaint in this action and directed the Clerk to reopen the file. This order was issued in light of the Supreme Court's March 7, 2005 opinion in Wilkinson v. Dotson, 544 U.S. 74 (2005), which held that prisoners could challenge the constitutionality of parole procedures in a § 1983 action seeking

---

[2]Circumstances tending to show unsuitability for parole include the nature of the commitment offense and whether "[t]he prisoner committed the offense in an especially heinous, atrocious or cruel manner." Cal. Code Regs. tit. 15, § 2402(c). This includes consideration of the number of victims, whether "[t]he offense was carried out in a dispassionate and calculated manner," whether the victim was "abused, defiled or mutilated during or after the offense," whether "[t]he offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering," and whether "[t]he motive for the crime is inexplicable or very trivial in relation to the offense." Id.

2

declaratory and injunctive relief and were not required to seek habeas relief exclusively.  The amended complaint was filed on February 16, 2006.

On June 11, 2007, Defendant filed a motion for judgment on the pleadings in the § 1983 case.  On March 31, 2008, the Court denied the motion, stating that "it is clear in his amended complaint that Plaintiff is seeking relief for the 'violation of his due process rights at his July 17, 2003 parole suitability hearing'" and, thus, "the Court cannot decide this case on the pleadings because it must consider matters outside the pleadings, such as how long Plaintiff had been incarcerated prior to his parole hearing and the factors the Board considered before finding Plaintiff unsuitable for parole, including whether Plaintiff's commitment offense weighed heavily in the Board's determination."  March 31, 2008 Order at 4. On May 12, 2008, the Court denied the habeas petition.  On June 30, 2008, Defendant filed this second motion for judgment on the pleadings arguing that res judicata bars Plaintiff's civil rights action because the due process cause of action alleged herein was litigated and adjudicated in Plaintiff's petition for writ of habeas corpus.

LEGAL STANDARD

I. Judgment on the Pleadings

A motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading.  Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law.  Hal Roach

3

Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). The court may consider, in addition to the face of the pleadings, exhibits attached to the pleadings, Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed, Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987). In testing the sufficiency of a pleading, the well-plead allegations of the non-moving party are accepted as true, while any allegations of the moving party which have been denied are assumed to be false. Hal Roach Studios, 896 F.2d at 1550.

## DISCUSSION

I. Res Judicata

Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1979). "Res judicata bars all grounds of recovery that *could have been asserted,* whether they were or not, in a prior suit between the same parties on the same cause of action." Siegel v. Federal Home Loan Mortgage Corp., 143 F.3d 525, 528-29 (9th Cir. 1998) (emphasis in the original). For res judicata to bar a later suit, the previous adjudication must have involved the same claim as the later suit, have reached a final judgment on the merits and have involved the same parties or privities. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).

Four criteria are used to determine whether successive lawsuits involve the same cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether

4

substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. International Ambassador Programs, Inc. v. Archexpo, 68 F.3d 337, 340-41 (9th Cir. 1995) (citing C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987)). The last of these criteria has been deemed "the most important." Id. Accordingly, res judicata can be applied without reaching all four factors if two claims arose out of the same transaction. Id.

Plaintiff does not dispute that Defendant has shown that she is in privity with the respondent in the habeas petition. Rather, Plaintiff primarily argues that the causes of action in the two suits are not identical. He also implies that the judgment rendered in the habeas petition does not constitute a judgment on the merits because a different standard of review applies to civil rights claims.

I. Causes of Action

    A. Infringement of the Same Right

Plaintiff argues that he asserted infringement of different rights in his two cases. He contends that, in the habeas proceeding, he discussed the specific facts of his case and asserted there was no evidence to support the Board's denial of parole suitability as it applied to him, but that his § 1983 case challenges the overall procedures of the Board.

As Respondent correctly points out, a comparison of the habeas petition with Plaintiff's First Amended Complaint (FAC) in this case shows that both cases allege infringement of the same right. In his habeas petition, Plaintiff alleged that the Board violated

5

his Due Process rights in denying him parole based, in part, on the fact that the Board uses the finding that the offense was carried out in an especially cruel manner "in virtually every instance in which it denies suitability." Habeas Petition at 15-16. In his petition, Plaintiff noted that the Board denies parole to over ninety-eight percent of parole applicants, and argued that "to find that about 98 percent of murders in California are particularly cruel or egregious violates law and logic." Id. at 7-8, 16.

In his FAC, Plaintiff seeks relief "for violation of his Due Process rights at his July 17, 2003 parole suitability hearing before the Board of Prison Terms . . . Petitioner maintains that the Board's finding that his crime was 'particularly cruel and callous' was arbitrary and capricious and was a pro forma finding that the Board makes in virtually every life prisoner hearing." FAC at 1, 3. Petitioner also alleges, "The Board's finding that virtually every murder in California is of the particularly egregious sort violates law and logic." FAC at 3.

Thus, the allegations in the petition and the FAC are practically identical; both allege that, at Plaintiff's 2003 hearing before the Board, it violated his due process rights by determining that he was unsuitable for parole based on the predetermined finding that his commitment offense was particularly egregious.

Plaintiff's argument that he presents a different claim in the FAC because it seeks to invalidate the Board's overall procedure in determining the egregiousness of a crime is unpersuasive. Although the remedy Plaintiff seeks in his FAC is different, the claim in both cases, that the Board's procedure is unconstitutional,

6

involves the infringement of the same right.

Plaintiff relies on <u>Wilkinson</u> to argue that the causes of action are different because, in a habeas proceeding, the petitioner challenges the specific facts surrounding his or her incarceration, whereas in a civil rights action, the plaintiff challenges the overall parole procedures.  However, <u>Wilkinson</u> does not support this distinction.  In <u>Wilkinson</u>, the Supreme Court addressed its previous decision in <u>Heck</u>, which held that a state inmate could not sue for damages in a § 1983 action that would, in effect, challenge the fact or duration of his confinement.  <u>Heck</u>, 512 U.S. at 481; <u>Wilkinson</u>, 544 U.S. at 80-81.  The <u>Wilkinson</u> Court held that an inmate may bring a civil rights claim seeking prospective injunctive relief challenging a parole board's procedures because that would not invalidate the inmate's confinement or the duration of his sentence.  <u>Id.</u> at 81-82.  It did not hold that a petitioner could not challenge a parole board's procedures in a habeas petition.  <u>See</u> <u>id.</u>

Therefore, the Court concludes that Plaintiff's two cases assert infringement of the same due process right.

B. Transactional Nucleus of Facts

Plaintiff argues that the two claims do not arise out of the same transactional nucleus of facts because <u>Wilkinson</u> precludes bringing a constitutional claim in a habeas proceeding.  However, as discussed above, <u>Wilkinson</u> did not preclude Plaintiff from bringing his constitutional claim in his habeas proceeding.

Moreover, the allegations in the § 1983 case arose out of the same nucleus of facts alleged in the habeas petition, that is, whether the Board inappropriately denied Plaintiff parole by

7

unconstitutionally relying on a finding that his commitment offense was particularly egregious and callous.

Plaintiff argues that the constitutional claim in the § 1983 action would not require an analysis of the particular facts of his case, whereas the habeas petition only focused on his case. However, Plaintiff is incorrect. To establish standing to bring a lawsuit, a plaintiff must establish that he has suffered an injury in fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (standing is present only when (1) a plaintiff suffers a concrete, particularized injury; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision). To establish a concrete injury in his § 1983 cause of action, Plaintiff would have to prove that the Board's actions directly injured him. Therefore, even though the remedy Plaintiff seeks in his civil rights case may be different from the remedy sought in his habeas case, the claims arise out of the same set of facts.

C. Evidence Presented in Both Actions

A review of the evidence proffered in both actions shows that it is substantially the same. As explained previously, Plaintiff's argument that the civil rights action requires only an analysis of the Board's behavior generally and not its specific behavior toward him is incorrect. The determination that Plaintiff was injured by the Board's procedure would necessarily require an analysis of the specific facts of his case. Furthermore, in the habeas case, Plaintiff submitted the evidence that he says is particular to his civil rights case, that is, prior denials by the Board in other inmates' parole suitability hearings to show the Board has a

8

predisposition to deny parole. See Def.'s Request for Judicial Notice, Ex. B, <u>Liebb v. Brown</u>, C 04-4213 CW, Order Denying Petition for Writ of Habeas Corpus at 14. The Court denied this claim in the habeas case because Plaintiff had not proved that the alleged predisposition played any role in the Board's finding him unsuitable for parole. <u>Id.</u> Plaintiff would have to make the same showing in this civil rights case.

D. Final Judgment in Habeas Petition

Plaintiff correctly argues that the final judgment in the habeas petition will not be affected by the outcome of this suit. Because Plaintiff only seeks prospective injunctive relief in this case, the past habeas judgment would remain intact. See <u>Wilkinson</u>, 544 U.S. at 82 (explaining that success on claim for prospective injunctive relief would not invalidate previous decisions denying parole, but would mean new eligibility review, not necessarily speedier release).

However, the most important factor in analyzing whether a res judicata bar applies to a subsequent action is whether it arises from the same transactional nucleus of facts as the original suit. Because this factor weighs in favor of the application of res judicata, as do the findings that there is substantially the same evidence and the infringement of the same right in both cases, the Court concludes that there is an identity of claims in both actions.

II. Adjudication on the Merits

In his pro se partial opposition, Plaintiff argues that the habeas judgment cannot be used to bar litigation of this civil rights action because, in federal habeas proceedings, a district

9

court is limited to reviewing the underlying state court proceeding by the standard set forth in the Antiterrorism and Death Penalty Act (AEDPA).  Under AEDPA, a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Plaintiff is correct that this deferential standard of review is different from that which the Court would use in a § 1983 case to determine whether a Board procedure violated Plaintiff's due process rights.

   Before the passage of AEDPA, the Ninth Circuit had held that res judicata may bar a § 1983 action based on the adjudication of a prior federal habeas decision.  Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993).  At least three district courts have relied upon Hawkins post-AEDPA to dismiss a civil rights action based upon the res judicata effect of a previous federal habeas petition.  See Escamilla v. Giurbino, 2008 WL 4493035, *5 (S.D. Cal.); Boston v. Stobbe, 586 F. Supp. 2d 574, 578-79 (D. S.C. 2008); Morke v. Merritt, 2000 WL 33949739, *8 (E.D. Vir.).  However, none of the cases addressed or acknowledged the fact that a very different threshold for relief is required by AEDPA, relative to that in a § 1983 suit.  As noted previously, AEDPA requires deference to the state court adjudication of any habeas claim.  The determination of

a constitutional due process claim involves no such deference; constitutional claims are reviewed de novo. Therefore, the Court concludes that a judgment applying the AEDPA standard on a habeas petition does not preclude, on res judicata grounds, the litigation of a subsequent civil rights claim.

Accordingly, Defendant's motion for judgment on the pleadings based on res judicata is denied and Plaintiff's civil rights claim may proceed. Plaintiff may pursue his claim that the Board's procedures were unconstitutional as applied to him; Plaintiff has no standing to make this claim on behalf of all prisoners who have had a hearing before the Board.

Because Plaintiff's claim is for equitable relief, it must be adjudicated in a trial to the Court, Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001) (Seventh Amendment preserves right to jury for all legal claims, but no such right for equitable claims), if not on summary judgment. The remedy would be a new hearing before the Board. Defendant shall file a motion for summary judgment no later than sixty days from the date of this order. Plaintiff may have thirty days thereafter to file an opposition. Defendant's reply is due fifteen days thereafter.

CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated: 3/17/09

CLAUDIA WILKEN
United States District Judge

11