IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN LIEBB,

        Plaintiff,

  v.

C. DALY, BPT COMMISSIONER,

        Defendant.
                                          /

No. C 04-00950 CW

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket # 44)

Plaintiff Stephen Liebb, an inmate incarcerated at San Quentin State Prison for first degree murder, brings this civil rights complaint under 42 U.S.C. § 1983 seeking injunctive and declaratory relief for violation of his right to due process at his July 17, 2003 hearing before the Board of Prison Terms (Board).[1] Defendant moves for summary judgment on the ground that Plaintiff's due process claim is barred by the doctrine of res judicata. Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion for summary judgment.

BACKGROUND

Many of the facts relevant to this motion are set forth in the Court's March 17, 2009 Order Denying Defendant's Motion for Judgment on the Pleadings. (Docket # 43). In that motion, Defendant argued that res judicata barred Plaintiff's civil rights complaint based on the prior federal judgment denying Plaintiff's

---

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

petition for writ of habeas corpus.  In its March 17, 2009 Order, the Court concluded that because, in denying the federal petition, it had to review deferentially Plaintiff's state habeas judgment under the Antiterrorism and Death Penalty Act (AEDPA), the judgment denying the federal petition was not a judgment on the merits within the meaning of the doctrine of res judicata and thus Plaintiff's civil rights complaint was not barred.  March 17, 2009 Order at 10-11.

In her present motion for summary judgment, Defendant argues that res judicata bars the litigation of Plaintiff's civil rights claim based on the state judgments that denied his state habeas petitions, which were final judgments on the merits within the meaning of res judicata.

Plaintiff filed state habeas petitions in the state superior, appellate and supreme courts.  In Plaintiff's petition in the superior court, he asserted only that the Board's decision violated his federal constitutional right to due process because the decision was not supported by "some evidence."  In a reasoned decision, the superior court denied the petition, holding that the Board's findings were supported by "some evidence."  In his habeas petition in the California court of appeal, Plaintiff asserted the same claim that the Board's decision was not supported by "some evidence" and added the allegation that the Board "denies due process and fails to act impartially by denying parole to approximately ninety-eight percent of inmates."  Def's. Req. for Judicial Notice, Ex. C. at 7, 48.  The appellate court summarily denied this petition.  In Plaintiff's petition for review in the California Supreme Court, he again asserted the claim that the

2

Board violated his due process rights by making its decisions without the support of "some evidence" and included the allegation that the Board violates "Due Process in using the crime as the primary factor to deny parole and routinely characterizing murders as being 'particularly cruel and egregious' without undertaking a comparison of the applicant's crime to other offenses of the same type." Def's. Req. for Judicial Notice, Ex. E at 5. The California Supreme Court summarily denied the petition for review.

In his civil rights complaint here, Plaintiff asserts that the Board violated his due process rights by arbitrarily and capriciously characterizing virtually every murder as heinous and cruel in order to justify a finding of parole unsuitability.[2]

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815

---

[2] Defendant objects to the declaration of Keith Watley submitted in opposition to Defendant's motion for summary judgment. The facts asserted in the declaration are not relevant to this motion, which focuses solely on whether res judicata applies to the state habeas judgments. Defendant's objection is sustained.

F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).

## DISCUSSION

I. Untimely Affirmative Defense

  Plaintiff argues that the defense of res judicata based upon the state habeas judgments was not timely raised. Rule 8(c) of the Federal Rules of Civil Procedure provides that, in responding to a pleading, a party must state any affirmative defense. However, the Ninth Circuit has held that a defendant may raise an affirmative defense for the first time on a motion for summary judgment if it does not cause prejudice to the plaintiff. <u>Magana v. Commonwealth of the Northern Mariana Islands</u>, 107 F.3d 1436, 1446 (1997). The plaintiff suffers prejudice from the late assertion of an affirmative defense when it causes delay in the proceedings or requires additional discovery. <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001). Prejudice is not measured by litigation expenses incurred before the affirmative defense is proffered. <u>Id.</u> Undue delay, by itself, is insufficient to cause prejudice. <u>Id.</u> at 712-13.

  Plaintiff argues that he is prejudiced by Defendant's motion because she waited two years after filing her answer and after losing two motions for judgment on the pleadings before raising for the first time the defense of res judicata based on the state court judgments. Plaintiff states that, as a prisoner, he has limited resources to prosecute his case and "has languished in prison for

4

nearly five years since filing his original complaint--and two years since Defendant has filed her answer--due solely to Defendant's discovery delays and her filing of multiple motions on the same or similar legal theories."

Plaintiff has not suffered the type of prejudice that would warrant preclusion of the affirmative defense of res judicata. First, the assertion of the defense has caused no delay because the case has not yet been set for trial and discovery has not closed. Furthermore, under <u>Owens</u>, prejudice is not measured by expense incurred before an affirmative defense is raised.  Plaintiff submits no authority for his theory that he is prejudiced because he is a prisoner or because he has been in prison for five years since he filed this lawsuit, especially in light of the fact that this civil rights action does not seek reduction of his sentence, but only injunctive relief.  Therefore, the Court is not persuaded that the motion should be denied based on prejudice to Plaintiff.

II. Res Judicata

State law governs the issue of whether to afford state court judgments res judicata effect.  28 U.S.C. § 1738; <u>Eichman v. Fotomat Corp.</u>, 759 F.2d 1434, 1439 (9th Cir. 1985).  In California, a valid final judgment on the merits precludes parties or their privies from relitigating the same cause of action.  <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 896 (2002).  Whether two causes of action are the same for purposes of res judicata is determined through application of the "primary rights" theory.  <u>Le Parc Community Ass'n v. Workers' Compensation Appeals Bd.</u>, 110 Cal. App. 4th 1161, 1170 (2003).  Under that theory, the invasion of one primary right gives rise to a single cause of action.  <u>Id.</u>  "If two

5

1  actions involve the same injury to the plaintiff and the same wrong
2  by the defendant then the same primary right is at stake even if in
3  the second suit the plaintiff pleads different theories of
4  recovery, seeks different forms of relief and/or adds new facts
5  supporting recovery." Id.  Res judicata applies not only to those
6  claims actually litigated, but also to those which could have been
7  litigated as part of that cause of action in the prior proceeding.
8  California Coastal Comm'n v. Superior Ct., 210 Cal. App. 3d 1488,
9  1499 (1989); Tensor Gp. v. City of Glendale, 14 Cal. App. 4th 154,
10 160 (1993) (if a matter is within the scope of the action, related
11 to the subject matter and relevant to the issues, so that it could
12 have been raised, the judgment is conclusive on it despite the fact
13 that it was not pleaded; a party cannot withhold issues and
14 litigate them in consecutive actions).  A judgment is on the merits
15 for purposes of res judicata if the substance of the claim is tried
16 and determined.  Johnson v. City of Loma Linda, 24 Cal. 4th 61, 77
17 (2000).  Even if all the threshold requirements are met, res
18 judicata will not be applied if injustice would result or if the
19 public interest requires that relitigation not be foreclosed.
20 Citizens for Open Access to Sand And Tide, Inc. v. Seadrift Ass'n,
21 60 Cal. App. 4th 1053, 1065 (1998).

22      Plaintiff does not dispute that he brought or could have
23 brought in his state habeas petitions the constitutional violation
24 claim that he asserts here or that Defendant is not in privity with
25 the respondent in his state habeas actions.  Instead, Plaintiff
26 argues that because, in denying his habeas petitions, the
27 California superior, appellate and supreme courts failed to mention
28 specifically the claim of constitutional violation he makes here--

6

the arbitrary characterization of all murders as especially heinous -- the state habeas judgments are not final judgments on the merits as required for the application of res judicata.  Plaintiff did not assert in the petition he filed in the superior court the constitutional violation he asserts here.  He did raise the Board's parole determination practices in his petitions to the state appellate court and Supreme Court.

Claims of violations of federal constitutional rights may, of course, may be asserted in a state habeas case and courts have applied the principles of res judicata and collateral estoppel to bar litigation of these claims in subsequent civil rights complaints.  See Silverton v. Department of the Treasury, 644 F.2d 1341, 1346-47 (9th Cir. 1981) (barring § 1983 claim on collateral estoppel grounds because constitutional claims had been adjudicated in previous state habeas proceeding); Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1108 (N.D. Cal. 2002) (applying res judicata to bar § 1983 claim based on judgment in previous state habeas petition), aff'd 364 F.3d 1148 (9th Cir. 2004)).  Because Plaintiff could have asserted his constitutional claim in the superior court petition and did not, that judgment acts as res judicata to bar litigating those claims here.  Furthermore, he actually did assert this claim in his habeas petitions to the appellate and supreme courts, so those judgments also create a res judicata bar.  It is not necessary that the previous courts have addressed the claim specifically.  Claims that have been brought and adjudicated, and even claims that could have been brought in the prior proceeding but were not, are barred.

Plaintiff cites cases in support of his argument that

constitutional claims are not barred by prior judgments unless they were actually litigated and decided on the merits in the previous habeas proceedings. However, all the cases he cites apply the doctrine of collateral estoppel. See e.g., Jackson v. Official Representatives and Employees of Los Angeles Police Dep't, 487 F.2d 885, 886 (9th Cir. 1973) (applying collateral estoppel); Silverton, 644 F.2d at 1347 (applying collateral estoppel); Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980) (same). Collateral estoppel and res judicata both bar subsequent litigation but they are different doctrines. Collateral estoppel, sometimes called issue preclusion, bars the relitigation of issues actually adjudicated and necessarily determined in previous litigation between the same parties. Kamilche Co. v. United States, 53 F.3d 1059, 1062 (9th Cir. 1995), opinion amended on other grounds, 75 F.3d 1391 (1996); Montana v. United States, 440 U.S. 147, 153 (1979). As stated above, res judicata, sometimes called claim preclusion, bars the relitigation of claims that were brought or could have been brought in previous litigation. Therefore, Plaintiff's collateral estoppel cases are inapplicable here.

Plaintiff argues that Wilkenson v. Dotson, 544 U.S. 74 (2005), and In re Lawrence, 44 Cal. 4th 1181, 1211, 1225 (2008), which were issued after Plaintiff's state petitions were decided, significantly changed the law affecting his rights such that res judicata should not apply. However, these cases do not affect Plaintiff's rights in this case. In Wilkenson, the Court held that state prisoners could bring a § 1983 claim, as well as a § 2254 claim, in federal court to challenge state procedures used to deny parole eligibility and suitability. 544 U.S. at 82. Wilkenson did

8

not address whether Plaintiff could have raised his federal constitutional claims in his state court habeas petitions.  In <u>Lawrence</u>, the court held that the "some evidence" standard requires that the Board base its decision to deny parole on a finding that the inmate presents a current risk of dangerousness if released.  44 Cal. 4th at 1221.  In this civil rights case, Plaintiff is not challenging the Board's 2003 decision to deny him parole, but is challenging the constitutionality of the Board's general practices.  Therefore, Plaintiff's argument that res judicata does not apply due to significant changes in the law fails.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for summary judgment on the ground that res judicata bars the litigation of Plaintiff's civil rights claims.

IT IS SO ORDERED.

Dated: September 29, 2009

_____
CLAUDIA WILKEN
United States District Judge